UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                            :
BARBARA A. MANETTI, et al.,       :
                                            :
    Plaintiffs,                        :    Civil Action No. 09-5281 (JAP)
                                            :
             v.                    :    **OPINION**
                                            :
JANICE ULKER, et al.,                :
                                            :
    Defendants.                     :
_____:

    PISANO, District Judge.

    This is an action brought by plaintiffs Barbara A. Manetti and Albert F. Manetti (together, "Plaintiffs") pursuant 42 U.S.C. § 1983 and state law, alleging their civil rights were violated in connection with a search warrant executed by law enforcement officers against Plaintiffs. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Presently before the Court is a motion by defendant Township of Jackson (the "Township") for summary judgment. The Court has carefully considered the submissions of the parties and, for the reasons below, the Township's motion for summary judgment is denied.

**I.**    **Background**

    On or about February 8, 2008, co-defendant, Janice Ulker, obtained a Temporary Restraining Order (the "Restraining Order") against plaintiff Albert F. Manetti. Def. Rule 56.1 Statement ¶ 1. The Restraining Order contained a provision entitled "WARRANT AND SEARCH FOR AND TO SEIZE WEAPONS FOR SAFEKEEPING", where the following language was set forth:

> (X)    TO ANY LAW ENFORCEMENT OFFICER HAVING JURISDICTION: This Order shall serve as a warrant to search for and seize any issued permit to carry a firearm,

application to purchase a firearm and firearms purchaser identification card issued to the defendant and the following firearms(s) or other weapons(s): various guns, rifles.

1. You are hereby commanded to search for the above described weapons and/or permits to carry a firearm, application to purchase a firearm and firearms purchaser identification card and to serve a copy of this Order upon the person at the premises or location described as 5 Basso St., Jackson, NJ – Brown Gun Cabinet.

2. You are hereby ordered in the event you seize any of the weapons described above, to give a receipt for the property seized to the person from whom they were taken or in whose possession they were found, or in the absence of such a person to have a copy of this Order together with such receipt in or upon the said structure from which the property was taken.

3. You are authorized to execute this order immediately or as soon thereafter as is practicable (x) Anytime; ( ) Other: _____.

4. You are further ordered after the execution of this Order, to promptly provide the Court with a written inventory of the property seized per this Order. Id. at ¶¶ 2-3.

On or about the day the Restraining Order was issued, pursuant to the search warrant contained therein, Township police officers were dispatched to Plaintiffs' home, where they seized and confiscated Plaintiffs' weapons and ammunition. Id. at ¶ 4.

The complaint alleges that, in addition to confiscating items identified in the search warrant, the police officers dispatched by the Township confiscated foreign collectible currency and a German leather clip (the "Other Items"). Compl. at ¶ 33. Plaintiffs also claim that the Township did not include the Other Items on the receipt provided to Plaintiffs after their confiscation and that the Township did not include the Other Items on the written inventory provided to the Court. Id. at ¶ 34.

## II.     Legal Analysis

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

The Township's motion for summary judgment fails to satisfy the requirements of Rule 56(c) of the Federal Rules of Civil Procedure. Plaintiffs bring their action pursuant to 42 U.S.C. § 1983, which does not create any new substantive rights, but rather, provides a remedy for violations of rights conferred in the Constitution or other statutes. *Doe v. Delie*, 257 F.3d 309, 314 (3d Cir. 2001) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d

433 (1979)).  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a violation of a right secured by the Constitution or federal law; and (2) that the violation of that right was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Here, Plaintiffs claim that the Township violated certain of their constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.  For example, Plaintiffs allege that the Township, acting under color of state law, violated Plaintiffs' constitutional rights by confiscating items not identified in the search warrant.  Compl. at ¶ 33.  "Under the Fourth Amendment, a search pursuant to a warrant is limited to the scope of the warrant."  *United States v. Kofsky*, 2007 U.S. Dist. LEXIS 64161, 66-67 (E.D. Pa. Aug. 28, 2007); *Horton v. California*, 496 U.S. 128, 140, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990) ("If the scope of the search exceeds that permitted by the terms of a validly issued warrant ... the subsequent seizure is unconstitutional without more.").  The Township does not offer evidence disputing the facts or law relating to the Township's alleged violation of Plaintiffs' constitutional rights.  Therefore, a reasonable jury could find in favor of Plaintiffs and the Township is not entitled to judgment as a matter of law.  Consequently, the Township's motion for summary judgment is denied.  An appropriate Order accompanies this Opinion.


/s/ JOEL A. PISANO
United States District Judge

Dated: October 1, 2010