UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
BARBARA A. MANETTI, et al.,               :
                                          :
          Plaintiffs,                     :          Civil Action No. 09-5281 (JAP)
                                          :
          v.                              :          **OPINION**
                                          :
JANICE ULKER, et al.,                     :
                                          :
          Defendants.                     :
_____:

PISANO, District Judge.

Pro se plaintiffs Barbara and Albert Manetti,[1] husband and wife, ("the Manettis" or "Plaintiffs") have brought this action against the Township of Jackson (the "Township"), the Jackson Township Police Department ("Jackson PD"), Janice Ulker, Michael E. Wilbert, Esq., and David T. Schlendorf, Esq. asserting civil rights claims under 42 U.S.C. § 1983 as well as various state law claims.  Presently before the Court are motions for summary judgment filed by each of the defendants.  The Court decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons below, the Court grants summary judgment in favor of defendants on Plaintiff's federal law claims, and declines to exercise supplemental jurisdiction over the remaining state claims.

_____
[1] While the Plaintiffs were represented by counsel at the outset of this lawsuit, the Plaintiffs are presently proceeding *pro se*.

## I. FACTUAL BACKGROUND

The genesis of the claims in this action is a family dispute between the Manettis and Mr. Manetti's biological daughter, Janice Ulker.  Mr. Manetti had been estranged from Ulker since the 1970s, but reunited with her approximately 2007.  Sometime thereafter, the Manettis were introduced to Ulker's fiancée, Donald Woit, and they engaged the services of Woit's construction company to do some work for them.  A dispute arose regarding the quality of the work that was done, and the Manettis filed complaints in state court and with the state Division of Consumer Affairs against Woit.  Perhaps not unsurprisingly, the relationship between Ulker and Albert Manetti deteriorated thereafter.

It is not disputed that on or about February 2008, Ulker filed a domestic violence complaint against Albert Manetti, and she sought and obtained the issuance of a temporary restraining order.  Compl. Ex. A.  The restraining order contained a provision entitled "WARRANT TO SEARCH FOR AND TO SEIZE WEAPONS FOR SAFEKEEPING", where the following language was set forth:

> (X) TO ANY LAW ENFORCEMENT OFFICER HAVING JURISDICTION:
>
> This Order shall serve as a warrant to search for and seize any issued permit to carry a firearm, application to purchase a firearm and firearms purchaser identification card issued to the defendant and the following firearms(s) or other weapons(s): various guns, rifles.
>
> 1. You are hereby commanded to search for the above described weapons and/or permits to carry a firearm, application to purchase a firearm and firearms purchaser identification card and to serve a copy of this Order upon the person at the premises or location described as 5 Basso St., Jackson, NJ – Brown Gun Cabinet.
>
> 2. You are hereby ordered in the event you seize any of the weapons described above, to give a receipt for the property seized to the person from whom they were taken or in whose possession they were found, or in the absence of such a

2

person to have a copy of this Order together with such receipt in or upon the said structure from which the property was taken.

3. You are authorized to execute this order immediately or as soon thereafter as is practicable (x) Anytime; ( ) Other: _____.

4. You are further ordered after the execution of this Order, to promptly provide the Court with a written inventory of the property seized per this Order.

*Id.* Ex. A.   Pursuant to this warrant provision, members of the Jackson Township Police Department went to the Manetti's home and seized weapons and ammunition.  Plaintiffs claim that the police officers exceeded the scope of the warrant by allegedly seizing and confiscating "plaintiffs' foreign collectible currency and a German leather clip" that were located in Plaintiffs' home.  Compl. ¶ 33.  Plaintiffs also allege that the police officers failed to account for these items as well as for "two collectible rifles" on the receipt provided to Plaintiffs, and that the officers damaged many of the collectible weapons.  *Id.* ¶ 34, 35.

On or about February 13, 2008, Albert Manetti retained defendant David Schlendorf, Esq., to represent him in connection with the temporary restraining order and the weapons forfeiture action.  Ulker, in the meantime, had retained defendant Michael Wilbert, Esq, to represent her interests.  The complaint alleges that Schlendorf, Wilbert and Ulker conspired against Plaintiffs in an effort to obtain money from Plaintiffs in retaliation for the Manetti's state court and Consumer Affairs complaints against Ulker's fiancée.  *Id.* ¶ 88.  Specifically, Plaintiffs allege that these defendants conspired to coerce Plaintiffs into a monetary settlement as a means of resolving the legal actions relating to the temporary restraining order filed by Ulker.  *Id.* ¶ 89.

The Complaint in this action contains 11 counts.  Counts I, II and III are brought under §

1983 and allege that the Township of Jackson and the Jackson Township Police Department[2]

violated Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United

States Constitution.  The remaining counts allege state law claims for negligence (Count IV),

negligent supervision (Count V), civil conspiracy (Counts VI and VIII), conversion (Count VII),

breach of contract (Count IX), fraud (Count X) and breach of fiduciary duty (Count XI).

## II.  ANALYSIS

A.  Summary Judgment Standard

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil

Procedure "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The substantive law

identifies which facts are critical or "material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986).  A material fact raises a "genuine" issue "if the evidence is such that a reasonable

jury could return a verdict" for the non-moving party.  *Healy v. N.Y. Life Ins. Co.*, 860 F.2d

1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue

of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party

makes this showing, the burden shifts to the non-moving party to present evidence that a genuine

fact issue compels a trial.  *Id.* at 324.  The non-moving party must then offer admissible evidence

that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the

material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

---

[2] Claims were also brought against the County of Ocean and the Ocean County Prosecutor's Office.  These
defendants, however, have already been dismissed from the action.

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party.  *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial.  *Anderson*, 477 U.S. at 249.  If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment.  *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

B.  Civil Rights Claims

The Township of Jackson and Jackson PD seek summary judgment on Plaintiffs § 1983 claims on two grounds. First, they contend that Plaintiffs have failed to establish the existence of any liability on the part of  the township with respect to the alleged violations of Plaintiffs' constitutional rights.  Second, they argue that the Jackson PD is not a proper party to the action with respect to Counts I through III because it is a sub-unit of the Township's government and merely the vehicle through which the Township of Jackson fulfills its police functions.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  To recover on a claim under § 1983, a plaintiff must show, first, a violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *West v. Atkins*,

487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

Here, Plaintiffs have brought their § 1983 claims against a municipality, the Township of Jackson.  "A municipality or other local government may be liable under [§ 1983] if the governmental body *itself* 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.  *Connick v. Thompson*, --- U.S. ---, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (emphasis added).  Importantly, "under § 1983, local governments are responsible only for 'their *own* illegal acts.'"  *Id.* (emphasis added).  A municipality cannot be "vicariously liable under § 1983 for their employees' actions."  *Id.*

This means that where a § 1983 claim is brought against a municipality, the municipality can only be liable when the action that is alleged to be unconstitutional implements or executes either (1) a policy, ordinance, regulation or decision officially adopted by the governing body; or (2) an existing governmental "custom," that is, a practice that may not have received formal approval through the municipality's decision-making channels but is so permanent and "widespread as to have the force of law."  *Bryan County Commissioners v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).  Said another way, the Township here may be liable for alleged the constitutional violations of its police officers *only* to the extent that the Plaintiff's alleged damages arose from the Township's policies or customs.  The mere fact that its police officers/employees may have committed acts resulting in a violation of Plaintiffs' constitutional rights is not sufficient to hold the Township itself liable.  The Supreme Court has made clear that

> a local government may not be sued under § 1983 for an injury inflicted solely by
> its employees or agents.  Instead, it is when execution of a government's policy or
> custom, whether made by its lawmakers or by those whose edicts or act may

> fairly be said to represent official policy, inflicts the injury that the government as
> an entity is responsible under § 1983.

*Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56

L.Ed.2d 611 (1978).

Here, the Plaintiffs claim that the Township of Jackson is liable for the damages Plaintiffs

allegedly sustained at the hands of members of Jackson Township's police force.  Given the

governing law as detailed above, in order for their §1983 claims to survive the Township's

summary judgment motion, Plaintiffs' must present evidence of the Township's own (not its

employees') illegal act – that is, Plaintiffs must present evidence of a policy or custom of the

township that resulted in the alleged deprivation of Plaintiffs' constitutional rights.  The Court

has carefully considered Plaintiffs' submissions and finds that Plaintiffs simply have not made

the required showing.  Their opposition papers and the evidence presented focus solely on the

actions of the police officers, and simply do not address the question of the existence of any

policy or custom of the Township.  Instead, it appears that Plaintiffs seek to hold the Township

vicariously liable for the actions of its employees, which, as explained above, they cannot do.[3]

As such, summary judgment as to Plaintiffs' § 1983 claims must be granted as to the Township

of Jackson.

Turning to Plaintiffs' claims against the Jackson PD, case law makes clear that the

Jackson PD is not a separate entity from the Township of Jackson for the purposes of Plaintiff's

§ 1983 claims.  *See Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997) (noting

that courts "treat the municipality and its police department as a single entity for purposes of

---

[3] The Court notes that Plaintiffs have asserted their § 1983 claims against only the Township/Police Department. Plaintiffs have not pursued their civil rights claims against any of the individuals that may have personally engaged in the acts complained of.  Only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983.  *See Rizzo v. Goode*, 423 U.S. 362, 375–77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Chinchello v. Fenton*, 805 F.2d 126, 133–34 (3d Cir. 1986).

section 1983 liability").  It is well-settled that "[p]olice departments cannot be sued alongside municipalities because a police department is merely an administrative arm of the municipality itself." *Hernandez v. Borough of Palisades Park Police Dep't,* 58 Fed. Appx. 909, 912 (3d Cir. 2003); *see also R.M. v. Sainato*, Civ. No. 11-1676, 2012 WL 1623860 (D.N.J. May 9, 2012) (citing cases).  Therefore, the Jackson PD's motion for summary judgment on Plaintiffs' § 1983 claims is granted.

C.  State Law Claims

Having determined that summary judgment should be entered in favor of defendants on Plaintiffs' § 1983 claims, no federal question remains in this case.  Plaintiffs' civil rights claims provided the basis for the Court's exercise of subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  With no federal claim remaining in this matter, the Court shall exercise its discretion to not retain supplemental jurisdiction over the remaining state law claims.  A district court, under 28 U.S.C. § 1367(c)(3), "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *Edlin Ltd. v. City of Jersey City*, No. 07–3431, 2008 WL 2185901 (D.N.J. May 23, 2008); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right[.]"); *see also Shaffer v. Board of School Directors of Albert Gallatin Area School Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) ("pendent jurisdiction should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances.' ").  Therefore, the Court will dismiss Counts IV through XI of the complaint without prejudice for lack of subject matter jurisdiction and deny the remaining summary judgment motions as moot.

8

## III.  CONCLUSION

For the reasons stated above, summary judgment is entered in favor of defendants Township of Jackson and Jackson PD with respect to Plaintiffs' claims under § 1983.  All other claims in this matter are dismissed without prejudice for lack of subject matter jurisdiction, and the remaining summary judgment motions are denied as moot.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  July 16, 2012